[Doc. No. 11]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SANTANDER BANK, N.A. (formerly known as SOVEREIGN BANK, N.A.),<br><br>         Plaintiff,<br><br>   v.<br><br>FRIEDMAN, SCHUMAN, APPELBAUM, NEMEROFF & MCCAFFERY, P.C.,<br><br>       Defendant. | Civil No. 14-413 (JBS/AMD) |

## MEMORANDUM OPINION AND ORDER

In this legal malpractice action, Defendant Friedman, Schuman, Applebaum, Nemeroff & McCaffery, P.C. moves to amend its answer in order to assert the New Jersey entire controversy doctrine as an affirmative defense. Plaintiff Santander Bank, N.A. opposes the pending motion on the grounds of futility. The Court decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth herein, the Court grants Defendant's motion to amend.

Plaintiff filed the initial New Jersey state court complaint in this action on December 12, 2013. (See Exhibit A [Doc. No. 1-1], 5-12 on the docket.) On January 21, 2014, Defendant removed this case to the District of New Jersey (see Notice of Removal [Doc. No. 1]), and the pending motion followed

on March 11, 2014. (See generally Notice of Motion for Leave to Amend Answer to Plaintiff's Complaint [Doc. No. 11].)  In this action, Plaintiff alleges that it retained Defendant in order to conduct due diligence concerning a proposed loan agreement between Haas Environmental, Inc. (hereinafter, "Haas") and Plaintiff. (Id. at ¶¶ 3-4, 8.) Purportedly in reliance on Defendant's legal advice, Plaintiff consummated a loan agreement allegedly secured "by a first perfected lien on substantially all of" Haas' assets in November 2011. (Id. at ¶ 8.) Haas has since purportedly defaulted on its loan obligations, presently owes in excess of $795,608.49, and filed for bankruptcy in August 2013. (Id. at ¶¶ 10-14.) Plaintiff alleges that Defendant committed malpractice by failing to conduct lien searches necessary to identify the existence of two pre-existing liens in favor of third parties. (Id. at ¶ 15, 19.) Plaintiff therefore seeks civil damages commensurate with the monetary losses associated with Defendant's alleged malpractice. (Id. at ¶¶ 23-26.)

In the pending motion, Defendant seeks to amend its answer in order to assert New Jersey's entire controversy doctrine as an affirmative defense in light of a guarantor action in state court, Santander Bank, N.A. formerly known as Sovereign Bank, N.A. v. Eugene M. Haas, Kimberly A. Haas, Shale Solutions, LLC, ESX-L-74-03-13 (N.J. Super. Ct.), that purportedly arises out of operative facts and issues "comparable" to those

2

implicated in this action.[1] (Brief in Support of Motion for Leave to Amend Answer to Plaintiff's Complaint (hereinafter, "Def.'s Br.") [Doc. No. 11-9], 2 on the docket.) Defendant asserts that the entire controversy doctrine would have required Plaintiff to join Defendant in this action, "'or be forever barred from bringing a subsequent action [against Defendant] involving the same underlying facts.'"[2] (Attorney Certification in Support of Motion for Leave to Amend Answer to Plaintiff's Complaint [Doc. No. 11-2], ¶ 12 (citing Phelps v. Pressler & Pressler, LLP, No. 12-5223, 2013 WL 6094572 (D.N.J. Nov. 19, 2013)).)

Plaintiff asserts, however, that the entire controversy doctrine has no preclusive effect on the viability of this action because the amended entire controversy doctrine concerns only "non-joinder of claims" against present parties, not the joinder of additional parties. (Plaintiff Santander Bank, N.A.'s Brief in Opposition to Defendant Friedman, Schuman, Applebaum, Nemeroff & McCaffery, P.C.'s Motion for Leave to Amend Answer (hereinafter, "Pl.'s Opp'n") [Doc. No. 14], 4 (emphasis in original) (citation

---

[1] Defendant's proposed amended answer specifically asserts that, "Plaintiff's claims are barred, in whole or in part, by the Entire Controversy Doctrine." (Amended Answer of Defendant Friedman, Schuman, Applebaum, Nemeroff & McCaffery, P.C. to Plaintiff's Complaint and Affirmative Defenses [Doc. No. 13-1], 6 on the docket.)

[2] On January 28, 2014, the state court entered a final judgment by default against Eugene M. Haas, Kimberly A. Haas, and Shale Solutions, LLC. (See Exhibit C [Doc. No. 14-2], 31-32 on the docket.)

omitted).) Plaintiff therefore asserts that it had no obligation to join (and, derivatively, to assert claims against) Defendant in the companion guarantor action. (Id. at 5.) Plaintiff accordingly asserts that the Court should deny the pending motion because under "no set of facts" could Plaintiff's claims "be barred by the entire controversy doctrine[.]" (Id. at 8.)

Defendant concedes that the entire controversy doctrine only compels "'parties to a suit'" to "'assert all affirmative claims and defenses arising out of the underlying controversy.'" (Reply Brief in Support of Motion for Leave to Amend Answer to Plaintiff's Complaint (hereinafter, "Def.'s Reply") [Doc. No. 15], 7 (quoting Prevratil v. Mohr, 678 A.2d 243, 246 (N.J. 1996)).) Defendant argues, however, that Plaintiff failed to disclose Plaintiff's "intention to institute an action against Defendant" in the New Jersey Court Rule 4:5-1 certification filed in the companion action. (Id. at 9.) Defendant therefore asserts that the entire controversy doctrine is applicable because the companion action constitutes a third-party action, and arose "from the same sequence of events[.]" (Id. at 8, 10.)

"Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings shall be 'freely give[n]' when 'justice so requires.'" Custom Pak Brokerage, LLC v. Dandrea Produce, Inc., No. 13-5592, 2014 WL 988829, at *1 (D.N.J. Feb. 27, 2014) (quoting FED. R. CIV. P. 15(a)(2)). A court may, however, deny a

4

motion to amend on the "'grounds that amendment would cause undue delay or prejudice, or that amendment would be futile.'" <u>Winer Family Trust v. Queen</u>, 503 F.3d 319, 330-331 (3d Cir. 2007) (citation omitted). In evaluating futility under Federal Rule of Civil Procedure 15(a), courts consider the "'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'" <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 175 (3d Cir. 2010) (citing <u>Shane</u>, 213 F.3d at 115); <u>see also</u> <u>Alvin v. Suzuki</u>, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). In accordance with this standard, the Court must generally "'accept as true the allegations in [the defendant's] proposed affirmative defenses and construe those allegations in the light most favorable to [the defendant].'" <u>Miller v. Beneficial Mgmt. Bank</u>, 844 F. Supp. 990, 1001 (D.N.J. 1993) (citation omitted). An amended answer would therefore be futile if the answer, as amended, advances a claim or defense that "would fail to state a claim upon which relief could be granted." <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000). Consequently, for an answer to survive dismissal pursuant to this standard, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009)

(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)) (hereinafter, the "<u>Twombly/Ashcroft</u> plausibility standard").

The pending motion, however, implicates Federal Rule of Civil Procedure 8(c) because Defendant moves to amend its answer in order to assert the affirmative defense of the entire controversy doctrine. <u>See</u> <u>generally</u> Fed. R. Civ. P. 8(c) (prescribing the rules of pleading with respect to affirmative defenses). Although not expressly delineated in Federal Rule of Civil Procedure 8(c), New Jersey's entire controversy doctrine constitutes "an affirmative defense pursuant to" Federal Rule of Civil Procedure 8(c). <u>Rycoline Prods., Inc. v. C & W Unlimited</u>, 109 F.3d 883, 886 (3d Cir. 1997). Federal Rule of Civil Procedure 8(c) sets forth a liberal pleading standard with respect to affirmative defenses, requiring the pleader only to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). In order to satisfy Federal Rule of Civil Procedure 8(c), the affirmative defense therefore need not contain detailed factual allegations. <u>See</u> <u>id.</u> Indeed, in light of Federal Rule of Civil Procedure 8(c)'s liberality, courts in this District have found the <u>Twombly/Ashcroft</u> plausibility standard inapplicable "to the pleading of affirmative defenses under Rule 8(c)[.]" <u>Newborn Bros. Co, Inc. v. Albion Eng'g Co.</u>, --- F.R.D. ----, No. 12-2999, 2014 WL 1272109, at *7 (D.N.J. Mar. 27, 2014) (noting, in a well-reasoned opinion, that the trend in this

District holds the Twombly/Ashcroft plasubility standard inapplicable in the context of affirmative defenses); see also F.T.C. v. Hope Now Modifications, LLC, No. 09-1204, 2011 WL 883202, at *3 (D.N.J. Mar. 10, 2011) (joining, in a highly-detailed opinion, the "two other Districts in this Circuit" that have concluded "that the heightened pleading standard of Twombly and Iqbal does not apply to affirmative defenses"). Rather, in considering motions to strike affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f), these courts have found affirmative defenses insufficient only where "the defense could not possibly prevent recovery under any pleaded or inferable set of facts." Newborn Bros., 2014 WL 1272109, at *7 (citing F.T.C., 2011 WL 883202, at *1-*2); see also FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Consequently, the Court finds that the same standard applies in determining whether to permit an amendment to an answer in order to add such an affirmative defense. See Tyco Fire Prods. LP v. Victaulic Co., 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011) ("In light of the differences between Rules 8(a) and 8(c) in text and purpose, the Court concludes that Twombly and Iqbal do not apply to affirmative defenses.") The Court accordingly turns to whether any pleaded or inferable set of facts support Defendant's proposed affirmative defense of the entire controversy doctrine. See Tyco Fire Prods., 777 F. Supp. 2d at 900 ("An affirmative

defense need not be plausible to survive; it must merely provide fair notice of the issue involved.").

Resolution of the pending motion therefore turns on the applicability of the entire controversy doctrine as an affirmative defense to the claims set forth in Plaintiff's complaint. New Jersey's entire controversy doctrine, collectively codified in New Jersey Court Rules 4:30A, 4:27-1, and 4:5-1(b)(2), "requires each party to an action to assert all claims arising from the controversy at issue—that is, all claims arising from the same 'core set of related facts'—or be estopped from raising them thereafter." L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs., 82 A.3d 274, 288 (N.J. Super. Ct. App. Div. 2014) (quoting Thomas v. Hargest, 834 A.2d 409, 412-13 (N.J. Super. Ct. App. Div. 2003); Heir v. Del. River Port Auth., 218 F. Supp. 2d 627, 632 (D.N.J. 2002) (noting that New Jersey Court Rules 4:30A, 4:27-1, and 4:5-1(b)(2) collectively comprise New Jersey's entire controversy doctrine). In 2008, the New Jersey Supreme Court "amended New Jersey Court Rule 4:30A" and omitted any obligation to join additional parties implicated by a pending action. Hong's Merch. Grp., Inc. v. Young Joon Park, No. A-2896-12T3, 2013 WL 6036685, at *2 (N.J. Super. Ct. App. Div. Nov. 15, 2013); see also Jiorle v. Maenza, No. A-5420-11T1, 2013 WL 5879507, at *2 (N.J. Super. Ct. App. Div. Nov. 4, 2013) ("Rule 4:30A was amended to limit its scope to mandatory joinder of

claims") (citation omitted). The entire controversy doctrine, in its present form, therefore requires only "joinder of claims but not joinder of parties." See id. Rather, with respect to joinder of parties, New Jersey Court Rule 4:5-1(b)(2) requires each party to file a certification at the inception of any action concerning the pendency and/or contemplation of any other actions.[3] See id. ("'Rule 4:5-1(b)(2) was adopted to address joinder of parties.'") (citation omitted); see also Merchants Mut. Ins. Co. v. Monmouth Truck Equip., No. 06-5395, 2008 WL 65109, at *8 n.6 (D.N.J. Jan. 4, 2008) (noting that New Jersey Court Rule 4:5-1(b) constitutes "an embodiment of the entire controversy doctrine") (citation

---

[3] New Jersey Court Rule 4:5-1(b)(2) specifically provides in part that:

> Each party shall include with the first pleading a certification as to whether the matter in controversy is the subject of any other action pending in any court or of a pending arbitration proceeding, or whether any other action or arbitration proceeding is contemplated; and, if so, the certification shall identify such actions and all parties thereto. Further, each party shall disclose in the certification the names of any non-party who should be joined in the action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts. Each party shall have a continuing obligation during the course of the litigation to file and serve on all other parties and with the court an amended certification if there is a change in the facts stated in the original certification. The court may require notice of the action to be given to any non-party whose name is disclosed in accordance with this rule or may compel joinder pursuant to R. 4:29-1(b).

N.J. COURT RULE 4:5-1(b)(2).

omitted). Thereafter, under New Jersey Court Rule 4:5-1(b)(2), a state court may require notice of the action to any non-party or "may compel" joinder pursuant to New Jersey Court Rule 4:29-1(b). Failure to comply with the disclosure obligations of New Jersey Court Rule 4:5-1(b)(2) may further result in the "dismissal of a successive action against" an undisclosed party, or "the imposition on the noncomplying party of litigation expenses that could have been avoided by compliance[.]" N.J. Court Rule 4:5-1(b)(2).

Here, no dispute exists concerning the factual and substantive similarity of the prior state action. (See, e.g., Attorney Certification in Support of Motion for Leave to Amend Answer to Plaintiff's Complaint [Doc. No. 11-2], ¶ 9; Pl.'s Opp'n [Doc. No. 14], 5.) Nor must the Court infer a significant number of facts in order to glean the sufficiency of Defendant's proposed affirmative defense for the purposes of the pending motion to amend. Indeed, Plaintiff's complaint in this action squarely presents the existence of the prior state court action on the face of its pleadings.[4] (See Exhibit A [Doc. No. 1-1], 7.) Defendant's proposed answer affirmatively states that "the Entire Controversy Doctrine" effects a bar "in whole or in part" of

_____

[4] The New Jersey Court Rule 4:5-1(b)(2) certification attached to the state court complaint initially filed in this action prior to removal expressly identified "Sovereign Bank, N.A. v. Haas, et al. ESX-L-74-03-13[.]" (Exhibit A [Doc. No. 14-2], 7.)

Plaintiff's claims. (Amended Answer of Defendant Friedman, Schuman, Applebaum, Nemeroff & McCaffery, P.C. to Plaintiff's Complaint and Affirmative Defenses [Doc. No. 13-1], 6 on the docket.) The existence of the prior state action is not disputed.[5] Tyco Fire Prods., 777 F. Supp. 2d at 900. The Court finds "pleaded or inferable" facts sufficient for an assertion of the entire controversy doctrine as an affirmative defense. Newborn Bros. Co., 2014 WL 1272109, at *7 (citation omitted). Indeed, the proposed affirmative defense plainly suffices to provide Plaintiff with "fair notice of the issue involved." Tyco Fire Prods., 777 F. Supp. 2d at 903 (finding defendant's affirmative defense sufficient to the extent it averred "'invalidity'" and accordingly denying in part plaintiff's motion to strike); see also Harrison, 133 F.R.D. at 468 (D.N.J. 1990) ("'[i]f a proposed amendment is not clearly futile, then denial

---

[5] Though the Court considers the record in the context of a motion to amend, the Court further notes that, by letters dated April 12, 2013 and August 6, 2013, Plaintiff notified Defendant of a potential claim arising out of Defendant's alleged negligence. (Exhibit 1 [Doc. No. 15-1], 2-5 on the docket.) As asserted by Defendant, this correspondence demonstrates Plaintiff's intention to commence suit against Defendant. (See Def.'s Reply [Doc. No. 15], 9.) Indeed, by letter dated August 3, 2013, counsel for Plaintiff asserted that Plaintiff "has authorized Wolff & Samson to commence suit against [Defendant] without further notice." (Exhibit 1 [Doc. No. 15-1], 5 on the docket.) The New Jersey Court Rule 4:5-1(b)(2) certification dated October 24, 2013 in the companion action, however, certifies to the existence of "no [other] parties" subject to joinder. (Exhibit C [Doc. No. 11-6], 17; see also Exhibit B [Doc. No. 14-2], 17.)

of leave to amend is improper'") (citation omitted). The Court therefore grants Defendant's motion to amend to assert the affirmative defense of the entire controversy doctrine.

Consequently, for the reasons set forth herein, and for good cause shown:

IT IS on this 17th day of April 2014,

**ORDERED** that Defendant's motion for leave to file an amended answer to assert the affirmative defense of the entire controversy doctrine [Doc. No. 11] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that Defendant shall file the amended answer in the form attached to the motion, within **twenty (20) days** from entry of this Order, and shall serve the amended answer in accordance with the Federal Rules of Civil Procedure.


s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jerome B. Simandle

12